By the Court
 

 The attempt of this plaintiff to introduce, in evidence, a copy of the deed under which he claims, connected with the circumstances.of this case, certainly deserved no countenance from the Court. The claim had once been tried (when the original deed was introduced) and failed on ¡account of the marks of fraud and alteration upon the face of the.deed. The plaintiff and those connected in title with . him tinder the same deed, afterwards
 
 *154
 
 declare, that deed shall not again make its appear, anee to defeat their title $ and in conformity with that declaration the plaintiff now swears that he has not that deed in his possession, nor does he know, where it is. All this may well comport with a fraudulent concealment or destruction ofthedied; and the court will not presume favorably of an attempt so strongly marked with fraud. If this plaintiff and those connected in interest with him have so contaminated that evidence which the law considers the best to be submitted to the Jury, the Court will not aid them by permitting the introduction of inferior evidence where the marks of fraud do not appear. It seems to bo a leading principle laid down in ail the books on the subject of written testimony, that all original private deeds or other instruments (if in existence, and in the power of the party) shall be produced on the trial. But where the original has been destroyed or lost by áccident ; as where, an original award was lost in a mail which was robbed ; or being in the hands of the adversé party, and notice given to produce them, then an examined copy or even parol evidence of the contents, being the best evidence in the power of the party, máy be received — Peak, 63 — yét this is always upon a principle of necessity, and to avoid injustice where the party has been guilty of no fraud : and to permit this plaintiff to give in evidence the copy which he offers would be to afford to him the very advantage intend-. «(1 by his fraud. — .Let the rule be discharged.